**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
| **BARBARA RANDALL,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | |
|  | * | Case No.: DLB-18-2857 |
| **RICHARD FLEMING,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On October 20, 2016, plaintiff Barbara Randall was walking up the stairs in her home and became dizzy, experienced visual changes, and fell backwards down the stairs. Oct. 20, 2016 Med. Rec., ECF No. 42-1, at 12; Oct. 21, 2016 Med. Rec., ECF No. 42-1, at 4. As a result of the fall, Mrs. Randall, who was 77 at the time, suffered injuries and incurred medical bills. *See* Oct. 20, 2016 Med. Rec.; Oct. 21, 2016 Med. Rec.; ECF No. 15; ECF No. 42-1, at 4-8. At the time, she and her husband, Alexander Randall, were renting their home at 33 Gorman Avenue, Baltimore MD 21223, a property owned by their landlord, Richard Fleming. Compl., ECF No. 15; ECF No. 42-1, at 4. The Randalls filed suit against Mr. Fleming, claiming negligence, breach of warranty of habitability, and loss of consortium and seeking damages. Compl.

Pending is defendant's motion for summary judgment. ECF No. 42. Plaintiffs have filed a response. ECF No. 49. A hearing is not necessary. *See* Loc. R. 105.6. Because the undisputed facts show that plaintiffs cannot establish that defendant's breach of his duty of care proximately caused plaintiffs' injuries, the defendant is entitled to judgment as a matter of law. The motion for summary judgment is granted.

**Standard of Review**

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 251. Although "a court should not weigh the evidence," *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249), if "a party fails to establish the existence of an element essential to that party's case" or "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,'" then summary judgment is proper, *id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23. In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

**Discussion**

Plaintiffs' claims are for negligence, breach of warranty of habitability, and loss of consortium. Compl. The loss of consortium claim is derivative and dependent on plaintiffs' ability to recover for negligence or breach of warranty of habitability. *McLaurin v. Vulcan Threaded*

*Prods.*, 410 F. App'x 630, 633 n.3 (4th Cir. 2011). To prevail on their negligence claim, plaintiffs must prove "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of duty." *Steamfitters Local Union No. 602 v. Erie Ins. Exch.*, 209 A.3d 158, 169 (Md. Ct. Spec. App. 2019) (quoting *Rowhouses, Inc. v. Smith*, 133 A.3d 1054, 1066 (Md. 2016)), *cert. granted*, 216 A.3d 937 (Md. 2019). Similarly, "a successful claim for breach of implied or express warranty must prove that the breach of warranty was the proximate cause of the injuries or damages of which the plaintiff complains." *Pittway Corp. v. Collins*, 973 A.2d 771, 795 n.18 (Md. 2009).

Defendant argues that, according to the undisputed facts in the record, plaintiffs cannot establish that his alleged breach of a duty proximately caused their injuries. Def.'s Mem. 3. An alleged breach is the proximate cause of an injury when it is both "a cause in fact" and "a legally cognizable cause." *Macias v. Summit Mgmt., Inc.*, 220 A.3d 363, 376 (Md. Ct. Spec. App. 2019) (quoting *Hartford Ins. Co. v. Manor Inn of Bethesda, Inc.*, 642 A.2d 219, 230 (Md. 1994)). The defendant's conduct is "a cause in fact" if it "actually produced [the] injury." *Id.* (quoting *Troxel v. Iguana Cantina, LLC*, 29 A.3d 1038, 1055 (Md. Ct. Spec. App. 2011)). The defendant's conduct is "a legally cognizable cause" if "the harm that occurred was a foreseeable result of [that conduct]." *See id.* Typically, "[p]roximate cause is . . . a question for the trier of fact, unless only one possible inference may be drawn from the facts of a case." *Id.*; *see also Winffel v. Westfield Prop. Mgmt., LLC*, No. TDC-19-0838, 2020 WL 374620, at *5 (D. Md. Jan. 23, 2020).

In support of defendant's summary judgment motion, he attaches Mrs. Randall's medical records from St. Agnes Hospital where she sought treatment after she fell down the stairs. The medical records, which are from October 20 and 21, 2016, the day of and the day after the accident,

3

indicate that Mrs. Randall reported that she felt dizzy with "visual changes" and then fell backwards down the steps. Oct. 20, 2016 Med. Rec., ECF No. 42-1, at 12; Oct. 21, 2016 Med. Rec., ECF No. 42-1, at 4. Plaintiffs confirmed the authenticity of these medical records in their response to Defendant's First and Second Requests for Admissions of Fact and Genuineness of Documents. Requests for Admissions, ECF No. 42-1, at 1, 9.

In plaintiffs' opposition to the summary judgment motion, they do not dispute the authenticity of the medical records or challenge the veracity of Mrs. Randall's statements to medical providers about the reason for her fall. Instead, plaintiffs submitted photographs of Mrs. Randall in the hospital and the faulty stairs in her home, as well as a February 27, 2017 report from Mr. Fleming's insurance agency that says "the top two steps [we]re partially detached" and "visibly non-level." Pls.' Exs., ECF No. 49-1, at 5–11. The fact that the steps were partially detached and visibly non-level appears to be undisputed. But the issue here is not whether the stairs were faulty. It is whether plaintiffs have produced any evidence that the condition of the stairs caused her fall. They have not. Indeed, Mrs. Randall's credible statements to medical professionals, shortly after the fall, are the only evidence before the Court regarding causation. The medical records clearly state that Mrs. Randall reported to treating physicians that the cause of her fall was dizziness and changes in her vision, not the faulty steps.

Accordingly, because plaintiffs have not offered any evidence to establish the element of proximate cause for their negligence and breach of warranty of habitability claims, the defendant is entitled to judgment as a matter of law on those claims. Because the loss of consortium claim is dependent on the negligence claim, it too fails as a matter of law.

## **ORDER**

For the reasons stated in this Memorandum Opinion, it is, this 16th day of July, 2020, hereby ORDERED that

1. Defendant's motion for summary judgment, ECF No. 42, IS GRANTED;

2. The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiffs; and

3. The Clerk shall close this case.

/S/
Deborah L. Boardman
United States Magistrate Judge